Ɛ

FILED-USDC-NDTX-DA
'25 OCT 24 AM9:28
KM

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:24-CR-182-E |
| v. | |
| DELLA FAY PEREZ (01) | |

## FACTUAL RESUME

In support of Della Fay Perez's plea of guilty to the offense in Count One of the Superseding Information, Perez, the defendant; Carlos Quintana, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 18 U.S.C. § 4, that is, Misprision of a Felony, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First:* That a federal felony, that is Bank Fraud, was committed, as charged in Count One of the Superseding Information;

*Second:* That the defendant had knowledge of the commission of the felony;

*Third:* That the defendant failed to notify an authority as soon as possible; and

*Fourth:* That the defendant did an affirmative act, as charged, to conceal the crime.

---

[1] Fifth Circuit Pattern Jury Instruction 2.06 (5th Cir. 2024)

Factual Resume—Page 1

The elements of Bank Fraud, a violation of 18 U.S.C. § 1344(2), are as follows:[2]

*First.*    That the defendant knowingly executed a scheme or artifice;

*Second.*    That the scheme or artifice was executed to obtain monies or other property from a financial institution;

*Third.*    That the scheme or artifice was executed by means of false or fraudulent pretenses; and

*Fourth.*    That the false or fraudulent pretenses were material.

## STIPULATED FACTS

1.    Della Fay Perez admits and agrees that beginning in or about July 2019 and continuing through at least January 2020, in the Dallas Division of the Northern District of Texas and elsewhere, she, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, bank fraud, in violation of 18 U.S.C. § 1344, did intentionally conceal the same by sending documents to the bank intending to convince the bank that the fraudulent nature of the transactions were proper, and did not as soon as possible, make known the same to some judge or other person in civil or military authority under the United States, in violation of 18 U.S.C. § 4.

2.    Perez admits that she is an attorney licensed to practice in Texas. She was the owner and operator of the Law Offices of Della Fay Perez PC located in McAllen, Texas.

3.    Perez admits that she maintained several Interest On Lawyers' Trust Accounts (IOLTAs). Perez admits that she maintained two IOLTAs at Bank 1[3], one with

---

[2] Fifth Circuit Pattern Jury Instruction 2.58B (5th Cir. 2024).
[3] The banks will be referred to as "Bank 1" and "Bank 2" instead of by their real name.

Factual Resume—Page 2

account number ending in 0820 and the other with account number ending in 5874. Perez opened the IOLTA ending in 5874 in the name of Law Office of Della Fay Perez, P.C. at Bank 1 in McAllen, Texas on or about June 7, 2019.

4. Perez stipulates that Bank 1 was a financial institution, the deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC).

5. Perez agrees that in or about February 2019, codefendant Oscar Ramon Padilla approached her about employing Perez. Perez agrees that Padilla stated he was the President and CEO of USMEX Financial Capital Corp., an entity that purported to represent people and clients who were issued checks by a Court-appointed Receiver in the United States. Perez agrees that Padilla stated that he needed Perez to act as a paymaster such that she would negotiate the checks issued by the Receiver, deposit them into her IOLTA account, and direct the funds as instructed by Padilla and the Mexican law firm he was representing.

6. Perez agrees that between on or about May 2, 2019, and May 29, 2019, she received 21 checks totaling approximately $461,792.27. Perez agrees that these checks were from the Receiver and addressed to the victims of a Ponzi scheme. Perez agrees that she deposited or caused to be deposited all the checks into the Bank 1 IOLTA account of the Law Offices of Della Fay Perez, P.C., ending in 0820.

7. Perez agrees that the Receiver checks were drawn on an account at Bank 2, a financial institution, the deposits of which were insured by the FDIC.

8. In addition to the Receiver checks, between on or about May 2, 2019, and June 20, 2019, multiple business checks drawn on the accounts of various U.S.-based

companies, including ones located in the Northern District of Texas, and intended for non-victim recipients in Mexico and the U.S. were deposited into IOLTA accounts belonging to Perez.

9. Perez agrees that she produced to Bank 1 "authorization packets," which she received from Padilla and which contained purported copies of the Mexican victims'/clients' passports, as well as a copy of the check to be deposited, including purported signatures for endorsement on the back of each check. The authorization packets also contained signed agreements for the check to be cashed and wiring instructions for how Perez, as the paymaster, was to disburse the funds on behalf of the Mexican victims/clients.

10. Perez agrees that Bank 1 relied on the documents and representations in these authorization packets to allow the checks to be deposited into her IOLTA accounts.

11. Perez agrees that over the seven-week period from on or about May 2, 2019, to June 20, 2019, sixty-four (64) checks totaling $1,290,808.91 were deposited into IOLTA accounts belonging to Perez.

12. Perez agrees that between May 9, 2019, and June 19, 2019, Perez wired, withdrew or transferred $919,490.79 from the same IOLTA accounts referenced above to numerous financial accounts in the U.S. and Mexico.

13. Perez admits and agrees that by at least July 2019, Perez became aware that Padilla did not have actual authorization from the Mexican victims and clients to deposit the checks and disburse the funds. Perez admits and agrees that after conducting some investigation, Perez realized that the checks had actually been stolen and that the

Factual Resume—Page 4

authorization packets were fraudulent. Perez further agrees that the fraudulent representations to Bank 1 were material, and the presentation of stolen checks exposed both Bank 1 and Bank 2 to a risk of loss.

14.    Perez admits and agrees that despite realizing at some point that the checks were stolen, she did not notify authorities of the fraud.

15.    Perez further admits that on or about January 20, 2020, after Bank 1 froze the funds in one of her IOLTA accounts, she emailed a representative of Bank 1 forwarding affidavits that were purportedly created by the Mexican victims authorizing the continued disbursement of the funds. Perez admits and agrees she did so with the intention of convincing the bank the transactions were not fraudulent.

16.    The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

[NOTHING FURTHER ON THIS PAGE]

AGREED TO AND STIPULATED on this 23 day of __October__, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
DELLA FAY PEREZ
Defendant

_____
MARTY BASU
Assistant United States Attorney
Illinois Bar No. 6302360
1100 Commerce Street, third floor
Dallas, TX 75242
Tel: 214-659-8600
Fax: 214-659-8812
Email: marty.basu@usdoj.gov

_____
PHILLIP LINDER
Attorney for Defendant

Factual Resume—Page 6